## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

**JOHANN DEFFERT,**

      Plaintiff,

v.

**OFFICER WILLIAM MOE,** in his individual
and official capacities, **OFFICER TIMOTHY
JOHNSTON,** in his individual and official
capacities, **OFFICER STEPHEN LABRECQUE,**
in his individual and official capacities,
**KEVIN BELK,** in his official capacity as Chief of
Police for the Grand Rapids Police Department,
and **CITY OF GRAND RAPIDS, MICHIGAN,**

      Defendants.

Case No. 1:13-cv-01351

**HON. JANET T. NEFF**
U.S. District Judge

_____/

**STEVEN W. DULAN (P54914)**
The Law Offices of Steven W. Dulan, PLC
Attorney for Plaintiff
1750 E. Grand River Ave., Ste. 101
East Lansing, MI  48823
(517) 333-7132
(517) 333-1691 FAX
swdulan@stevenwdulan.com

**MARGARET P. BLOEMERS (P40853)**
Assistant City Attorney
Police Legal Advisor / Director of Civil Litigation
**KRISTEN REWA (P73043)**
Assistant City Attorney
Attorneys for Defendants
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

_____/

## ANSWER TO COMPLAINT WITH
## AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

**NOW COME** Defendants **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN**

**LABRECQUE, KEVIN BELK** and **CITY OF GRAND RAPIDS,** through Assistant City

Attorneys Margaret P. Bloemers and Kristen Rewa, and for their response to Plaintiffs'

Complaint, state:

## Common Allegations

1.    This action arises under 42 USC § 1983. Jurisdiction is conferred by 28 USC §§ 1331, 1343(a)(3), (4).

**ANSWER:    Paragraph 1 sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendants do not contest jurisdiction.**

2.    Jurisdiction over Plaintiffs state law claims is conferred by 28 USC § 1367.

**ANSWER:    Paragraph 2 sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendants do not contest supplemental jurisdiction.**

3.    Venue is appropriate under 28 U.S.C. § 1391(b).

**ANSWER:    Paragraph 3 sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendants do not contest venue.**

4.    Plaintiff is an individual residing in Grand Rapids, Michigan, in the County of Kent.

**ANSWER:    The allegations set forth in Paragraph 4 are admitted, upon information and belief.**

5.    Defendant City of Grand Rapids is a municipal corporation organized and existing under the laws of the State of Michigan, having authority, duties, and powers as provided under the laws of the State of Michigan and the Ordinances of the City of Grand Rapids, and which operates the Grand Rapids Police Department.

**ANSWER:    Paragraph 5 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required, defendants assert that the Michigan Constitution and statutes and the City of Grand Rapids Charter and Code of Ordinances speak for themselves with regard to the incorporation, authority, powers, and duties of a home rule city.**

6.     Defendant City of Grand Rapids, through the Grand Rapids Police Department, had the responsibility for hiring, training, supervising, disciplining, and retaining police officers it employed, including those individually named as defendants in this suit.

**ANSWER:     Paragraph 6 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required, defendant admits that it employs police officers, including the named individual defendants, and that it hires, trains, supervises, and disciplines the police officers it employs.  To the extent that the allegations set forth in Paragraph 6 are inconsistent with these admissions, they are denied as untrue.**

7.     At all material times, Defendant Officer William Moe was a law enforcement officer for the City of Grand Rapids, Michigan.

**ANSWER:     In answer to Paragraph 7, defendants admit only that, at all times relevant to the complaint, defendant William Moe was employed by defendant City of Grand Rapids in the job position or rank of police officer.  To the extent that the allegations set forth in Paragraph 7 are inconsistent with this admission, they are denied as untrue.**

8.     At all material times, Defendant Officer Timothy Johnston was a law enforcement officer for the City of Grand Rapids, Michigan.

**ANSWER:     In answer to Paragraph 8, Defendants admit only that, at all times relevant to the complaint, Defendant Timothy Johnston was employed by Defendant City of Grand Rapids in the job position or rank of police officer.  To the extent that the allegations set forth in Paragraph 8 are inconsistent with this admission, they are denied as untrue.**

9.     At all material times, Defendant Officer Stephen LaBrecque was a law enforcement officer for the City of Grand Rapids, Michigan.

**ANSWER:     In answer to Paragraph 9, Defendants admit only that, at all times relevant to the complaint, Defendant Stephen LaBrecque was employed by Defendant City of Grand Rapids in the job position of police sergeant.  To the extent that the allegations set forth in Paragraph 9 are inconsistent with this admission, they are denied as untrue.**

10.    When the events alleged in this complaint occurred, Defendant Officers were acting within the scope of their employment and under color of law.

**ANSWER:    Paragraph 10 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 10 are admitted.**

11.    At all material times, Defendant City of Grand Rapids, through the Grand Rapids Police Department, employed Defendant Chief and Defendant Officers and is liable for their acts. The City is also liable because its policies, practices, and customs lead to this complaint of violation.

**ANSWER:    Paragraph 11 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, Defendants admit only that Defendant Police Chief and Defendant Police Officers are and were employed by the City of Grand Rapids at all times relevant to this complaint.  The remaining allegations set forth in Paragraph 11, to the extent that they are inconsistent with the foregoing admission of fact, are denied as untrue, inaccurate, or incomplete statements regarding applicable federal and state law.**

12.    On March 3, 2013, at or about 12:00 P.M., on a public sidewalk in the City of Grand Rapids, in Kent County, Michigan, Plaintiff walked down the street lawfully openly carrying a pistol in a holster on his hip.

**ANSWER:    The allegations that "on March 3, 2013, at or about 12:00 P.M., on a public sidewalk in the City of Grand Rapids, in Kent County, Michigan," an individual (later identified as Johann Deffert) "walked down the street … openly carrying a handgun in a holster on his hip" are admitted.  Defendants further state that Paragraph 12 is an inaccurate or incomplete statement of the facts.  The allegation that Plaintiff's conduct, as described in Paragraph 12, was lawful is a conclusion of law to which no response is required from these Defendants.**

13.    Openly carrying a pistol is lawful under Michigan law.

**ANSWER:    Paragraph 13 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required defendants assert that Michigan law with regard to the ownership, possession and carrying of firearms speaks for itself.**

14.     Defendant Officer Moe arrived at Plaintiffs location.

**ANSWER:**     **In answer to Paragraph 14, defendants admit that GRPD Officer William Moe arrived at "Plaintiff's location". Defendants further state that Paragraph 14 is an inaccurate or incomplete statement of the facts. Defendants affirmatively assert that Officer Moe was dispatched to the location by the GRPD Communications Bureau upon receipt of a complaint about "a man with a gun" from another citizen who was passing by the relevant location.**

15.     Defendant Officer Moe drew his service pistol and aimed it at Plaintiff while approaching him.

**ANSWER:**     **In answer to Paragraph 15, defendants admit that Officer Moe approached plaintiff with his service firearm drawn and pointed toward plaintiff. Defendants further state that Paragraph 15 is an inaccurate or incomplete statement of the facts. Defendants affirmatively assert that Officer Moe's decision to approach plaintiff in a manner consistent with a high-risk stop, i.e. his firearm drawn and pointed, was objectively reasonable under the totality of the circumstances.**

16.     Defendant Officer Moe ordered Plaintiff to lie on the ground on his stomach and handcuffed him behind his back.

**ANSWER:**     **In answer to Paragraph 16, defendants admit that Officer Moe ordered plaintiff to lie on the ground on his stomach and handcuffed him behind his back, consistent with his training on conducting high-risk stops. Defendants affirmatively assert that Officer Moe's decision to order plaintiff to the ground and handcuff him, in a manner consistent with a high-risk stop, was objectively reasonable under the totality of the circumstances.**

17.     Defendant Officer Moe removed Plaintiffs pistol from his holster.

**ANSWER:**     **In answer to Paragraph 17, defendants admit that Officer Moe removed plaintiff's handgun from his holster. Defendants affirmatively assert that Officer Moe's decision to temporarily seize the firearm during a brief investigatory detention was objectively reasonable under the totality of the circumstances.**

5

18.     At or about that time, Defendant Officers Johnston and LaBrecque [sic] arrived at the scene.

**ANSWER:**     **In answer to Paragraph 18, defendants admit that GRPD records show the defendant Officer Timothy Johnston and defendant Sergeant Stephen LaBrecque arrived at the scene at approximately 12:02 p.m. and 12:12 p.m., respectively.**

19.     Defendant Officers left Plaintiff handcuffed in the back of a squad car for approximately ten minutes.

**ANSWER:**     **In answer to Paragraph 19, defendants admit that Plaintiff, in handcuffs, was detained in the back seat of a GRPD patrol car for approximately ten minutes.**

20.     Defendant Officers retained his pistol for approximately ten minutes.

**ANSWER:**     **In answer to Paragraph 20, defendants admit that Plaintiff' firearm was retained in police custody for approximately ten minutes.**

21.     Plaintiff repeatedly offered his identification to Defendant Officers, who refused to retrieve it for several minutes, instead choosing to debate public policy with Plaintiff.

**ANSWER:**     **Defendants deny the allegations set forth in Paragraph 21 as an untrue, inaccurate, or incomplete statement of the facts.**

22.     Defendant Officers eventually verified through the Michigan LEIN system that Plaintiff was legally entitled to carry a pistol as he was not a felon, was of proper age, and was not in any area where the carrying of a firearm is unlawful.

**ANSWER:**     **In answer to Paragraph 22, defendants admit that defendant officers verified through LEIN that plaintiff was a legal adult, was not a felon and had no mental health orders documented in LEIN. The remaining allegations set forth in Paragraph 22 are conclusions of law to which no response is required. To the extent that a response is required, defendants state that Michigan law with regard to the ownership, possession and carrying of firearms speaks for itself.**

23.     Defendant Officers then released Plaintiff, who was not formally arrested or charged with any crime.

**ANSWER:**     **Paragraph 23 is admitted as true.**

## Count I - Fourth and Fourteenth Amendment Violations

24.     Plaintiff incorporates by reference paragraphs 1 through 23.

**ANSWER:    Defendants incorporate by reference their answers to paragraphs 1 through 23.**


25.     Plaintiffs constitutionally protected rights that Defendant Officers violated include the following:

    a.     His right to be free from unreasonable searches and seizures of his person and property, protected by the Fourth Amendment.

    b.     His right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety and freedom from captivity.

    c.     His right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

**ANSWER:    Paragraph 25 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations that defendants violated plaintiff's constitutional rights as set forth in Paragraph 25 are denied as untrue.**


26.     Defendant Officers, acting under color of state law, took Plaintiff into physical custody without probable cause to believe that a crime had occurred, probable cause that Plaintiff had committed a crime, or reasonable articulable suspicion that criminal activity was afoot.

**ANSWER:    Paragraph 26 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations set forth in Paragraph 26 are denied as untrue.**

27.     Defendant Officers, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiffs constitutional rights.

**ANSWER:    Paragraph 27 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations set forth in Paragraph 27 are denied as untrue.**

28.     As a direct and proximate result of Defendant Officers' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of other constitutionally protected rights described above.

**ANSWER:** **Paragraph 28 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations set forth in Paragraph 28 are denied as untrue.**

29.     Defendant City of Grand Rapids, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs that established a de facto policy of deliberate indifference to Officers' unlawful harassment of individuals such as Plaintiff.

**ANSWER:** **Paragraph 29 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations set forth in Paragraph 29 are denied as untrue.**

30.     Upon information and belief, Defendant City of Grand Rapids has not properly trained its officers in Michigan firearms law and has thus repeatedly violated the constitutional rights of individuals similarly situated to Plaintiff.

**ANSWER:** **Paragraph 30 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations set forth in Paragraph 30 are denied as untrue.**

31.     As a direct and proximate result of Defendant Officers' actions and these policies, practices, and customs, Plaintiff suffered emotional injury, loss of freedom, and loss of constitutionally protected rights.

**ANSWER:** **Paragraph 31 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the allegations set forth in Paragraph 31 are denied as untrue.**

## Count II - Second and Fourteenth Amendment Violations

32.     Plaintiffs incorporate by reference paragraphs 1 through 31.

**ANSWER:     Defendants incorporate by reference their answers to paragraphs 1 through 31.**


33.     The Second Amendment of the U.S. Constitution provides, in pertinent part, that the right of the people to keep and bear arms shall not be infringed.

**ANSWER:     Paragraph 33 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, Defendants assert that the text of the Second Amendment speaks for itself.**


34.     Defendant Officers' decision to seize Plaintiffs pistol, without justification or provocation, violated his Second Amendment individual right to keep and bear arms.

**ANSWER:     Paragraph 34 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations that defendants violated plaintiff's constitutional rights as set forth in set forth in Paragraph 34 are denied as untrue.**


35.     As a direct and proximate result of Defendant Officers' actions and the policies, practices and customs of the Grand Rapids Police Department and City of Grand Rapids described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

**ANSWER:     Paragraph 35 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 35 are denied as untrue.**


## Count III - First and Fourteenth Amendment Violations

36.     Plaintiff incorporates by reference paragraphs 1 through 35.

**ANSWER:     Defendants incorporate by reference their answers to paragraphs 1 through 36.**

37.     Defendants violated the following Constitutional rights of Plaintiff:

    a.     Plaintiff's right to core political speech protected by the First Amendment and incorporated by the due process clause of the Fourteenth Amendment, which includes conduct intended to rally public support for a particular cause.

    b.     Plaintiff's right to symbolic expression protected by the First Amendment and incorporated by the due process clause of the Fourteenth Amendment, which includes conduct intended to increase awareness of a particular cause.

**ANSWER:     Paragraph 37 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations that defendants violated plaintiff's constitutional rights as set forth in set forth in Paragraph 37 are denied as untrue.**

38.     Plaintiff's act of openly carrying a pistol in public was intended, in part, to increase awareness that open carry is lawful in Michigan and to rally public support, therefore qualifying it as symbolic political speech. Defendants then violated Plaintiff's First Amendment rights without provocation or justification.

**ANSWER:     Paragraph 38 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations that defendants violated plaintiff's constitutional rights as set forth in set forth in Paragraph 38 are denied as untrue.  Defendants have insufficient information upon which to base a conclusion as to the truth of the allegations regarding the "intent" behind plaintiff's "act" and, therefore, they are neither admitted nor denied.**

39.     As a direct and proximate result of Defendant Officers' actions and the policies, practices and customs of the City of Grand Rapids described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

**ANSWER:     Paragraph 39 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 39 are denied as untrue.**

## Count IV - State Law Assault and Battery Claim

40.     Plaintiff incorporates by reference paragraphs 1 through 39.

**ANSWER:    Defendants incorporate by reference their answers to paragraphs 1 through 39.**

41.     Plaintiffs circumstances, including having a pistol pointed at him, created in him a well-founded apprehension of imminent physical contact.

**ANSWER:    Paragraph 41 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 41 are denied as untrue.**

42.     Defendant Officer Moe had the apparent ability to make the unwanted physical contact with Plaintiff if not prevented.

**ANSWER:    Paragraph 42 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 42 are denied as untrue.**

43.     The act was not prevented, and Defendant Officer Moe willfully and intentionally forced Plaintiff to the ground and handcuffed him.

**ANSWER:    Paragraph 43 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 43 are denied as untrue.**

44.     Defendant Officer Moe's contact with Plaintiff was not consensual.

**ANSWER:    Defendants have insufficient information upon which to base a conclusion as to the truth of the allegations sent forth in Paragraph 44 and, therefore, they are neither admitted nor denied.**

45.     As a direct and proximate result of Defendant's assault and battery of Plaintiff, Plaintiff suffered injury and damage, past, present and future, including the following:

        a.      Pain, suffering, and emotional distress.

    b.     Humiliation, mortification, and embarrassment.

    c.     Other injuries and damages and consequences related to the assault and battery that develop or manifest themselves during the course of discovery and trial.

**ANSWER:**    **Paragraph 45 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 45 are denied as untrue.**

### Count V - State Law False Imprisonment Claim

46.    Plaintiff incorporates by reference paragraphs 1 through 45.

**ANSWER:**    **Defendants incorporate by reference their answers to paragraphs 1 through 45.**

47.    Defendants, either individually or through principles of respondeat superior, physically restrained Plaintiff or deprived him of his personal liberty and freedom of movement for a period of well over ten minutes, all with the intention of confining him.

**ANSWER:**    **Paragraph 47 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 47 are denied as untrue, inaccurate, or incomplete statements of applicable law.**

48.    Plaintiff was conscious of his confinement at all relevant times.

**ANSWER:**    **Defendants have insufficient information upon which to base a conclusion as to the truth of the allegations set forth in Paragraph 48 and, therefore, they are neither admitted nor denied.**

49.    Defendant's actions directly resulted in the actual confinement of the Plaintiff.

**ANSWER:**    **Paragraph 49 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 49 are denied as untrue.**

50.    The imprisonment and restraint were against Plaintiffs will.

**ANSWER:**    **Paragraph 50 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 50 are denied as untrue.**

51.    Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiffs liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

**ANSWER:**    **Paragraph 51 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 51 are denied as untrue.**

52.    In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

**ANSWER:**    **Paragraph 52 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 52 are denied as untrue.**

53.    As a direct and proximate result of Defendants' false imprisonment, detention, and investigation, Plaintiff has suffered injury and damage including the following:

a.    Physical injuries;

b.    Pain, suffering, and emotional distress;

c.    Humiliation, mortification, and embarrassment; and

d.    Other injuries or damages related to the occurrence that appear or manifest themselves during the course of discovery and trial.

**ANSWER:**    **Paragraph 53 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 53 are denied as untrue.**

**RELIEF REQUESTED**

Defendants hereby request entry of judgment their favor as a matter of law and dismissal of plaintiff's complaint in its entirety, along with an award of the costs of this litigation, interest, and all fees allowable under statute and the Federal Rules of Civil Procedure.

Respectfully submitted,

**CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN LACRECQUE, individually and in their official capacities, and KEVIN BELK, in his official capacity,**

Defendants.

Dated: January 13, 2014          By: */s/ Margaret P. Bloemers*
_____
**MARGARET P. BLOEMERS (P40853)**
Assistant City Attorney
Police Legal Advisor / Director of Civil Litigation
Attorney for Defendants


Dated: January 13, 2014          By: */s/ Kristen Rewa*
_____
**KRISTEN REWA (P73043)**
Assistant City Attorney
Attorney for Defendants

***Business Address:***
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

14

## AFFIRMATIVE DEFENSES

Defendants **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN LABRECQUE, KEVIN BELK** and **CITY OF GRAND RAPIDS,** through Assistant City Attorneys Margaret P. Bloemers and Kristen Rewa, state the following as Affirmative Defenses to the allegations and claims set forth in the Complaint:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff has failed to allege any facts that support a claim that the individual defendants violated any right guaranteed under the United States Constitution.

4.      The stop, pat-down search, and brief detention of plaintiff were supported by reasonable suspicion and/or other legal cause.

5.      The force defendant officer(s) used in the course the lawful stop, pat-down search, and brief detention was objectively reasonable under the totality of the circumstances.

6.      The individual defendants are entitled to qualified immunity from plaintiff's suit under 42 U.S.C. § 1983, because reasonable officers could at least disagree as to whether the defendant police officers' actions with regard to the plaintiff violated clearly established law.

7.      The individual defendants have no vicarious liability for each other's actions under 42 U.S.C. § 1983.

8.      Plaintiff's claims against these individual defendants are barred by immunity granted by law, specifically, by § 7(2) of the governmental immunity act, Mich. Comp. Laws 691.1401, *et seq.*

9.    The individual defendants acted in good faith and without malice, and within the course of their employment and scope of the authority granted to them as law enforcement officers for the City of Grand Rapids.

10.    Plaintiff has failed to state a claim of gross negligence that falls within the scope of Mich. Comp. Laws 691.1407 (2) & (7)(a).

11.    Defendant City of Grand Rapids trains and supervises its police officers pursuant to standards required by the United States and Michigan Constitutions and by the laws and regulations of the State of Michigan.

12.    Plaintiff's damages were not caused by a custom, policy, or practice of the City of Grand Rapids that was deliberately indifferent to Plaintiff's constitutional rights.

13.    Defendant City of Grand Rapids has no *respondeat superior* or other vicarious liability under 42 U.S.C. § 1983.

14.    Plaintiff's state common-law claims against defendant City of Grand Rapids are barred by immunity granted by law.  Specifically, plaintiff's state-law claims are barred by § 7(1) of the governmental immunity act, Mich. Comp. Laws 691.1401, *et seq.*

15.    Plaintiff has failed to state any claim against defendant City of Grand Rapids that falls within the scope of any recognized statutory or common-law exception to governmental immunity.

16.    Defendant City of Grand Rapids has no *respondeat superior*  or other vicarious liability for its employees under Michigan law except as set for the in the governmental immunity act, Mich. Comp. Laws 691.1401, *et seq.*

17.    As Chief of Police, defendant Kevin Belk is entitled to absolute immunity.

18.     Plaintiff's injuries were caused, in whole or in part, by his own actions.

19.     Plaintiff failed to properly serve the municipal defendants with process in the manner prescribed by Fed.R.Civ.P. 4(j)(2) and/or Mich.Ct.R. 2.105(G).

20.     Defendants reserve the right to amend these Affirmative Defenses as discovery dictates.

**WHEREFORE,** Defendants **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN LABRECQUE, KEVIN BELK** and **CITY OF GRAND RAPIDS,** through Assistant City Attorneys Margaret P. Bloemers and Kristen Rewa, request entry of judgment their favor as a matter of law and dismissal of plaintiff's complaint in its entirety, along with an award of the costs of this litigation, interest, and all fees allowable under statute and the Federal Rules of Civil Procedure.

Respectfully submitted,

**CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN LACRECQUE, individually and in their official capacities, and KEVIN BELK, in his official capacity,**

Defendants.

Dated:  January 13, 1024          By:  */s/ Margaret P. Bloemers*
                                        **MARGARET P. BLOEMERS (P40853)**
                                        Assistant City Attorney
                                        Police Legal Advisor / Director of Civil Litigation
                                        Attorney for Defendants


Dated:  January 13, 2014          By:  */s/ Kristen Rewa*
                                        **KRISTEN REWA (P73043)**
                                        Assistant City Attorney
                                        Attorney for Defendants

***Business Address:***
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

## RELIANCE ON JURY DEMAND

Defendants **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN LABRECQUE,**

**KEVIN BELK** and **CITY OF GRAND RAPIDS,** through Assistant City Attorneys

Margaret P. Bloemers and Kristen Rewa, state their reliance upon the Jury Demand

made by Plaintiff in his Complaint.

Respectfully submitted,

**CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE, TIMOTHY JOHNSTON, STEPHEN LACRECQUE, , individually and in their official capacities, and KEVIN BELK, in his official capacity,**

Defendants.

Dated:  January 13, 2014          By:  */s/ Margaret P. Bloemers*
                                        **MARGARET P. BLOEMERS (P40853)**
                                        Assistant City Attorney
                                        Police Legal Advisor / Director of Civil Litigation
                                        Attorney for Defendants

Dated:  January 13, 2014          By:  */s/ Kristen Rewa*
                                        **KRISTEN REWA (P73043)**
                                        Assistant City Attorney
                                        Attorney for Defendants
                                   ***Business Address:***
                                        300 Monroe Ave. NW, Ste. 620
                                        Grand Rapids, MI  49503
                                        (616) 456-4026
                                        (616) 456-4569 FAX
                                        mbloemer@grcity.us
                                        krewa@grcity.us