## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

───────────────────

**JOHANN DEFFERT,**

     Plaintiff,

                                     Case No. 1:13-cv-01351

v.

                                     **HON. JANET T. NEFF**

**OFFICER WILLIAM MOE,** in his individual
and official capacities, **OFFICER TIMOTHY
JOHNSTON,** in his individual and official
capacities, and **CITY OF GRAND RAPIDS,
MICHIGAN,**

                                     U.S. District Judge

     Defendants.

_____/

**STEVEN W. DULAN (P54914)**
The Law Offices of Steven W. Dulan, PLC
Attorney for Plaintiff
1750 E. Grand River Ave., Ste. 101
East Lansing, MI 48823
(517) 333-7132
(517) 333-1691 FAX
swdulan@stevenwdulan.com

**MARGARET P. BLOEMERS (P40853)**
Assistant City Attorney
Police Legal Advisor / Director of Civil Litigation
**KRISTEN REWA (P73043)**
Assistant City Attorney
Attorneys for Defendants
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

_____/

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH
## AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

     **NOW COME** Defendants **WILLIAM MOE, TIMOTHY JOHNSTON,** and **CITY OF
GRAND RAPIDS,** through Assistant City Attorneys Margaret P. Bloemers and Kristen
Rewa, and for their response to Plaintiff's First Amended Complaint, state:

**Common Allegations**

1.      This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. § 1343(a)(3), (4).

**ANSWER:      Paragraph 1 sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendants contest this Court's jurisdiction over any claims of prospective relief on justiciability grounds. Defendants do not otherwise contest subject matter jurisdiction.**

2.      Jurisdiction over Plaintiffs state law claims is conferred by 28 U.S.C. § 1367.

**ANSWER:      Paragraph 2 sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendants do not contest supplemental jurisdiction.**

3.      Venue is appropriate under 28 U.S.C. § 1391(b).

**ANSWER:      Paragraph 3 sets forth conclusions of law to which no response is required.  To the extent that a response is required, defendants do not contest venue.**

4.      Plaintiff is an individual residing in Grand Rapids, Michigan, in Kent County.

**ANSWER:      The allegations set forth in Paragraph 4 are admitted, upon information and belief.**

5.      Defendant City of Grand Rapids is a municipal corporation organized and existing under the laws of the State of Michigan, having authority, duties, and powers as provided under the laws of the State of Michigan and the Ordinances of the City of Grand Rapids.

**ANSWER:      Paragraph 5 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required, defendants admit that the City of Grand Rapids is a Michigan municipal corporation. Defendants assert that the Michigan Constitution and statutes and the City of Grand Rapids Charter and Code of Ordinances speak for themselves with regard to the incorporation, authority, powers, and duties of a home rule city.**

6.      Defendant City of Grand Rapids operates the Grand Rapids Police Department.

**ANSWER:    Defendants admit the allegations in paragraph 6.**

7.      Defendant City of Grand Rapids, through the Grand Rapids Police Department has the responsibility for hiring, training, supervising, disciplining, and retaining the police officers it employs, including those individually named as defendants in this suit.

**ANSWER:    Paragraph 7 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required, defendant City admits that it employs police officers, including the named individual defendants, and that it hires, trains, supervises, and disciplines the police officers it employs.  To the extent that the allegations set forth in Paragraph 6 are inconsistent with these admissions, they are denied as untrue.**

8.      At all material times, Defendant Officer Timothy Johnston was a law enforcement officer for the City of Grand Rapids, Michigan.

**ANSWER:    In answer to Paragraph 8, defendants admit only that, at all times relevant to the complaint, Defendant Timothy Johnston was employed by Defendant City of Grand Rapids in the job position or rank of police officer.  To the extent that the allegations set forth in Paragraph 8 are inconsistent with this admission, they are denied as untrue.**

9.      At all material times, Defendant Officer William Moe was a law enforcement officer for the City of Grand Rapids Michigan.

**ANSWER:    In answer to Paragraph 9, defendants admit only that, at all times relevant to the complaint, defendant William Moe was employed by defendant City of Grand Rapids in the job position or rank of police officer.  To the extent that the allegations set forth in Paragraph 7 are inconsistent with this admission, they are denied as untrue.**

10.     When the events alleged in this complaint occurred, Defendant Officers were acting within the scope of their employment and under color of law.

**ANSWER:    Paragraph 10 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required, defendants admit the allegations set forth in Paragraph 10.**

11.     At all material times, Defendant City of Grand Rapids, through the Grand Rapids Police Department, employed Defendant Officers and is liable for their acts.

**ANSWER:**     **Paragraph 11 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, defendants admit only that the defendant officers are and were employed by the City of Grand Rapids at all times relevant to this complaint.  The remaining allegations set forth in Paragraph 11, to the extent that they are inconsistent with the foregoing admission of fact, are denied as untrue, inaccurate, or incomplete statements regarding applicable federal and state law.**

12.     The City of Grand Rapids is also liable because its policies, practices, and customs lead to this complaint of violation.

**ANSWER:**     **Paragraph 12 sets forth conclusions of law to which no response is required from these defendants.  To the extent that a response is required, defendants deny as untrue the allegation that plaintiff's federal rights were violated or that a municipal custom, policy, or practice was the moving force behind the alleged violation.**

13.     Specifically, Grand Rapids Municipal Code § 9.173. Carrying, states: "No person shall carry any firearm upon his or her person in any public street, alley or other place open to the public in the City of Grand Rapids unless: (1) The person has been issued a valid license to do so as provided by Act 372 of Michigan Public Acts of 1927, as amended (MCL 28.421 et seq.), or (2) All ammunition has been removed from the chamber, cylinder, clip or magazine of the firearm and the firearm has been noticeably rendered inoperable by being broken down or disassembled or is completely enclosed within a case or other similar container (Ord. No. 67-11, 4-25-67)."

**ANSWER:**     **Paragraph 13 states a conclusion of law to which no response is required. To the extent a response is required, defendants deny as untrue and inaccurate the allegation that the words "(Ord. No. 67-11, 4-25-67)" are part of the ordinance codified as City of Grand Rapids Code of Ordinance, Title IX, Chapter 153, Sec. 9.173. Defendants admit that paragraph 13 accurately quotes Sec. 9.173 in all other respects. Defendants deny the allegation, express or implied, that this ordinance is at issue in this case.**

14.     M.C.L. § 123.1102, the state firearms preemption statute, states: "A local unit of government shall not impose special taxation on, enact or enforce any ordinance or regulation pertaining to, or regulate in any other manner the ownership,

registration, purchase, sale, transfer, transportation, or possession of pistols or other firearms, ammunition for pistols or other firearms, or components of pistols or other firearms, except as otherwise provided by a federal law or a law of this state."

**ANSWER:** **Paragraph 14 states a conclusion of law to which no response is required. To the extent a response is required, defendants state that M.C.L.A § 123.1102 speaks for itself. Defendants deny the allegation, express or implied, that this statute is at issue in this case.**

15. Openly carrying a pistol is lawful in Michigan, according to Michigan State Police Bulletin #86, Oct. 26, 2010.

**ANSWER:** **Paragraph 15 states a conclusion of law to which no response is required. To the extent a response is required, Defendants deny as untrue and legally inaccurate that Michigan State Police Bulletin #86, Oct. 26, 2010 is legally binding precedent in the state of Michigan. Defendants further state that Michigan State Police Bulletin #86 speaks for itself.**

16. The Michigan Court of Appeals has ruled that "a local government shall not enact an ordinance pertaining to the transportation of firearms."
   *Michigan Coalition of Responsible Gun Owners v. City of Ferndale,* 256 Mich. App. 401, 414, 662 N.W.2d 864, 872 (2003)

**ANSWER:** **Paragraph 15 states a conclusion of law to which no response is required. To the extent a response is required, defendants state that the cited case speaks for itself. Defendants deny the allegation, express or implied, that the referenced ordinance is at issue in this case.**

17. Issues regarding the conflict between the Grand Rapids Ordinance and Michigan State law were brought to the attention of the City Commission of the City of Grand Rapids on January 8, 2013.

**ANSWER:** **The allegation, express or implied, that there is a conflict between a city ordinance and a state statute is a conclusion of law for which an answer is not required of these defendants. To the extent that an answer is required, defendants deny the same as an untrue, inaccurate, and incomplete statement of law and fact.**

**Defendant City admits only that, on or about January 8, 2013, a person, who is not a party to the instant action, conveyed to the**

**Grand Rapids City Commission his belief that a conflict exists between the referenced ordinance and state law. Defendant City denies the allegation, express or implied, that this factual allegation is relevant to the instant action.**

**Defendants Johnston and Moe lack information sufficient to form a belief as to the truth of the factual allegations asserted in paragraph 17 and therefore neither admit nor deny these allegations.**

18.     Upon information and belief, the City of Grand Rapids took no action to repeal Municipal Ordinance No. 67-11.

**ANSWER:     Defendant City admits only that the City has not repealed Sec. 9.173. Any allegations inconsistent with this allegation are denied as untrue.**

**Defendants Johnston and Moe lack information sufficient to form a belief as to the truth of the factual allegations in paragraph 18 and therefore neither admit nor deny these allegations.**

**Defendants deny the allegation, express or implied, that the referenced ordinance is at issue in this case.**

19.     By refusing to take any action to repeal Ord. No. 67-11, the City of Grand Rapids showed deliberate indifference to individuals in situations similar to the Plaintiff, and created a substantial risk of confusion among individual Officers that was likely to lead to incidents such as the one alleged in this complaint.

**ANSWER:     Paragraph 19 states a conclusion of law to which no response is required. To the extent a response is required, defendants deny the allegations as untrue and in inaccurate statement of the law. Defendants further deny the allegation, express or implied, that the referenced ordinance is at issue in this case.**

20.     On March 3, 2013, at or about 12:00 P.M., on a public sidewalk in the City of Grand Rapids, in Kent County, Michigan, Plaintiff walked down the street lawfully openly carrying a pistol in a holster on his hip.

**ANSWER:     Defendants admit that "on March 3, 2013, at or about 12:00 P.M., on a public sidewalk in the City of Grand Rapids, in Kent County, Michigan, Plaintiff walked down the street … openly carrying a handgun in a holster." Defendants deny as untrue the allegation that the handgun was holstered on his hip" because the handgun was**

holstered on Mr. Deffert's leg.  Defendants further state that Paragraph 20 is an inaccurate or incomplete statement of the facts.  Furthermore, the allegation that Plaintiff's conduct, as described in Paragraph 20, was "lawful" is a conclusion of law to which no response is required from these Defendants.

21.  Defendant Officer Moe arrived at Plaintiff's location.

**ANSWER:**  In answer to Paragraph 21, defendants admit that GRPD Officer William Moe arrived at "Plaintiff's location".  Defendants further state that Paragraph 21 is an inaccurate or incomplete statement of the facts.  Defendants affirmatively assert that Officer Moe was dispatched to the location by the GRPD Communications Bureau upon receipt of a complaint about "a man with a gun" from another citizen who was passing by the relevant location.

22.  Defendant Officer Moe drew his service pistol and aimed it at Plaintiff while approaching him.

**ANSWER:**  In answer to Paragraph 22, defendants admit that Officer Moe approached plaintiff with his service firearm drawn and pointed toward plaintiff.  Defendants further state that Paragraph 22 is an inaccurate or incomplete statement of the facts.  Defendants affirmatively assert that Officer Moe's decision to approach plaintiff in a manner consistent with a high-risk stop, i.e. his firearm drawn and pointed, was objectively reasonable under the totality of the circumstances.

23.  Defendant Officer Moe ordered Plaintiff to lie on the ground on his stomach and handcuffed him behind his back.

**ANSWER:**  In answer to Paragraph 23, defendants admit that Officer Moe ordered plaintiff to lie on the ground on his stomach and handcuffed him behind his back, consistent with his training on conducting high-risk stops.  Defendants further state that Paragraph 23 is an inaccurate or incomplete statement of the facts.  Defendants affirmatively assert that Officer Moe's decision to order plaintiff to the ground and handcuff him, in a manner consistent with a high-risk stop, was objectively reasonable under the totality of the circumstances.

24.     Defendant Officer Moe removed Plaintiff's pistol from its holster.

**ANSWER:     In answer to Paragraph 24, defendants admit that Officer Moe removed plaintiff's handgun from his holster.   Defendants affirmatively assert that Officer Moe's decision to temporarily seize the firearm during a brief investigatory detention was objectively reasonable under the totality of the circumstances.**

25.     At or about that time, Defendant Officer Johnston arrived at the scene and assisted Officer Moe in placing Plaintiff into the rear of a police vehicle.

**ANSWER:     In answer to Paragraph 25, defendants admit only that GRPD records show the defendant Officer Timothy Johnston arrived at the scene at approximately 12:02 p.m. Defendants deny the allegation that Officer Johnston "assisted Officer Moe in placing Plaintiff into the rear of a police vehicle" as an untrue and inaccurate statement of facts.**

26.     Defendant Officers left Plaintiff handcuffed in the back of a squad car for approximately ten minutes.

**ANSWER:     In answer to Paragraph 26, defendants admit that Plaintiff, in handcuffs, was detained in the back seat of a GRPD patrol car for approximately ten minutes. Defendants further state that Paragraph 26 is an inaccurate or incomplete statement of the facts.  Defendants affirmatively assert that detaining plaintiff in the backseat of a GRPD patrol car for approximately ten minutes was objectively reasonable under the totality of the circumstances and consistent with the purpose and scope of the contact.**

27.     In Michigan, there is no duty for an individual to identify him or herself to law enforcement unless being stopped for a motor vehicle code violation.

**ANSWER:     Paragraph 27 states a conclusion of law to which no response is required. To the extent that a response is required, defendants deny this allegation as an inaccurate and incomplete statement of the law.**

28.     Defendant Officers repeatedly represented to Plaintiff that he was required to identify himself to law enforcement because he was openly carrying a handgun.

**ANSWER:     Defendants deny the allegations in paragraph 28 as an untrue, inaccurate, and incomplete statement of the facts.**

29.    Despite the fact that Plaintiff is not obligated under Michigan law to display identification to the officers, Plaintiff immediately and repeatedly offered his identification to Defendant Officers, who refused to retrieve it for several minutes, instead choosing to debate public policy with Plaintiff.

**ANSWER:    Defendants admit only the allegation that Mr. Deffert offered to show his identification to the officers. Defendants deny the remaining allegations in paragraph 29 as an untrue, inaccurate, and misleading statement of fact and law.**

30.    Defendant Officers eventually verified through the Michigan LEIN system that Plaintiff was legally entitled to carry a pistol as he was not a felon, was of proper age, and was not in any area where the carrying of a firearm is unlawful.

**ANSWER:    In answer to Paragraph 30, defendants admit that defendant officers verified through LEIN that plaintiff was a legal adult, was not a felon and had no mental health orders documented in LEIN.    Any allegation inconsistent with this response is denied as untrue.**

31.    Upon information and belief, Defendant Officers had not been thoroughly trained in Michigan firearms law, as evidence by a discussion about the current status of open carry of firearms in Michigan.

**ANSWER:    Defendants deny paragraph 31 as untrue.**

32.    Defendant Officers then released Plaintiff, who was not formally arrested or charged with any crime.

**ANSWER:    Defendants state that paragraph 32 is an incomplete statement of the facts, but admit that plaintiff was released and was not formally arrested or charged with any crime.**

## Count I - Fourth and Fourteenth Amendment Violations

33.    Plaintiff incorporates by reference paragraphs 1 through 23.

**ANSWER:    Defendants incorporate by reference their answers to paragraphs 1 through 32.**

34. Plaintiff's constitutionally protected rights that Defendant Officers violated include the following:

 (a) His right to be free from unreasonable searches and seizures of his person and property, protected by the Fourth Amendment, as incorporated by the Fourteenth Amendment.

 (b) His right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety and freedom from captivity.

**ANSWER: Paragraph 34 states a conclusion of law to which no response is required. To the extent that a response is required, Defendants deny as untrue the allegation that plaintiff's constitutional rights were violated.**

35. Defendant Officers, acting under color of state law, took Plaintiff into physical custody without probable cause to believe that a crime had occurred, probable cause that Plaintiff had committed a crime, or reasonable articulable suspicion that criminal activity was afoot.

**ANSWER: Defendants state that the allegations in paragraph 35 state a conclusion of law to which no response is required. To the extent that a response is required, defendants deny the allegations in paragraph 35 as untrue, inaccurate, and incomplete statement of fact.**

36. Defendant Officers, acting under color of state law and in concert with one another, by their conduct showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

**ANSWER: Paragraph 36 states a conclusion of law to which no response is required. To the extent that a response is required, defendants deny the same as untrue.**

37. As a direct and proximate result of Defendant Officers' conduct, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of other constitutionally protected rights described above.

**ANSWER: Paragraph 37 states a conclusion of law to which no response is required. To the extent that a response is required, defendants deny the allegations as untrue.**

38.     Defendant City of Grand Rapids, acting under color of state law, authorized tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs that established a de facto policy of deliberate indifference to Officers' unlawful harassment of individuals such as Plaintiff, specifically by adopting Ord. No. 67-11, referenced above.

**ANSWER:     Paragraph 38 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 38 are denied as untrue.**

39.     Upon information and belief, Defendant City of Grand Rapids has not properly trained its officers in Michigan firearms law and has thus repeatedly violated the constitutional rights of individuals in similar situations to the Plaintiff.

**ANSWER:     Paragraph 39 states a conclusion of law to which no response is required. To the extent that a response is required, defendants deny the same as untrue.**

40.     As a direct and proximate result of Defendant Officers' actions and these policies, practices, and customs, Plaintiff suffered emotional injury, loss of freedom, and loss of constitutionally protected rights.

**ANSWER:     Paragraph 40 sets forth conclusions of law to which no response is required from these Defendants.  To the extent that a response is required, the allegations set forth in Paragraph 31 are denied as untrue.**

### Count II - Second and Fourteenth Amendment Violations

41.     Plaintiff restates and incorporates by reference paragraphs 1 through 40.

**ANSWER:     Defendants incorporate by reference their answers to paragraphs 1 through 41.**

42.     The Second Amendment to the United States Constitution provides in pertinent part that "the right of the people to keep and bear arms shall not be infringed."

**ANSWER:     Paragraph 42 states a conclusion of law to which no response is required.**

43. Defendant Officers' decision to seize Plaintiff's pistol, without justification or provocation, violated his Second Amendment individual right, as incorporated by the Fourteenth Amendment, to keep and bear arms.

**ANSWER:** **Paragraph 40 states a conclusion of law to which no response is required. To the extent that a response is required, defendants deny the allegations as untrue and an inaccurate statement of the law. Defendants affirmatively state that the Second Amendment is not a right to bear a specific firearm, as paragraph 43 implies. Defendants further state that plaintiff's firearm and ammunition were returned to him when he was released.**

44. As a direct and proximate result of Defendant Officers' actions and the policies, practices, and customs of the Grand Rapids Police Department and the City of Grand Rapids described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

**ANSWER:** **Paragraph 44 sets forth conclusions of law to which no response is required from these defendants. To the extent that a response is required, the allegations set forth in Paragraph 44 are denied as untrue.**

### Count III - First and Fourteenth Amendment Violations

45. Plaintiff restates and incorporates by reference paragraphs 1 through 44.

**ANSWER:** **Defendants incorporate by reference their answers to paragraphs 1 through 45.**

46. Plaintiff's act of openly carrying a pistol in public was intended, in part, to increase awareness that open carry is lawful in Michigan and to rally public support, therefore qualifying it as symbolic political speech.

**ANSWER:** **Paragraph 46 sets forth conclusions of law to which no response is required from these defendants. To the extent that a response is required, defendants deny as untrue and legally inaccurate the allegation that the described conduct qualifies as symbolic political speech. Defendants have insufficient information upon which to base a conclusion as to the truth of the allegations regarding the "intent" behind plaintiff's "act" and, therefore, they are neither admitted nor denied.**

47.  Defendants' actions violated the following Constitutional rights of Plaintiff:

(a)  Plaintiff's right to core political speech protected by the First Amendment and incorporated by the due process clause of the Fourteenth Amendment, which includes conduct intended to rally public support for a particular cause

(b)  Plaintiffs right to symbolic expression protected by the First Amendment and incorporated by the due process clause of the Fourteenth Amendment, which includes conduct intended to increase awareness of a particular cause.

**<u>ANSWER</u>:  Paragraph 47 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, defendants deny the allegations as untrue.**

48.  As a direct and proximate result of Defendant Officers' actions and the policies, practices, and customs of the City of Grand Rapids described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

**<u>ANSWER</u>:  Paragraph 48 sets forth conclusions of law to which no response is required from these defendants. To the extent that a response is required, the allegations set forth in Paragraph 48 are denied as untrue.**

### Count IV - Michigan Constitution Article 1 Section 6 Claim

49.  Plaintiff restates and incorporates by reference paragraphs 1 through 48.

**<u>ANSWER</u>:  Defendants incorporate by reference their answers to paragraphs 1 through 49.**

50.  The Michigan Constitution, Article 1, Section 6, states that "Every person has a right to keep and bear arms for the defense of himself and the state."

**<u>ANSWER</u>:  Paragraph 50 sets forth conclusions of law to which no response is required from these Defendants. To the extent that a response is required, the Michigan Constitution speaks for itself.**

51.     Defendant Officers' decision to seize Plaintiffs pistol, without justification or provocation, violated his individual right to keep and bear arms under the Michigan Constitution.

**ANSWER:     Paragraph 51 sets forth conclusions of law to which no response is required from these defendants. To the extent that a response is required, defendants deny the allegations as untrue.**

**Defendants affirmatively state that Mich. Const. of 1963, Art. 1, Sec. 6 is not a right to bear a specific firearm, as paragraph 51 implies. Defendants further state that plaintiff's firearm and ammunition were returned to him when he was released.**

52.     As a direct and proximate result of Defendant Officers' actions and the policies, practices, and customs of the Grand Rapids Police Department and the City of Grand Rapids described above, Plaintiff suffered physical and emotional injury, loss of freedom, and loss of constitutionally protected rights.

**ANSWER:     Paragraph 52 sets forth conclusions of law to which no response is required from these defendants. To the extent that a response is required, defendants deny the allegations as untrue.**

## Count V - State Law Assault and Battery

53.     Plaintiff restates and incorporates by reference paragraphs 1 through 52.

**ANSWER:     Defendants incorporate by reference their answers to paragraphs 1 through 53.**

54.     At all material times, Plaintiff was aware of Defendant Officer Moe's ability to cause an imminent battery.

**ANSWER:     Paragraph 54 sets forth conclusions of law to which no response is required from Defendant Moe. To the extent that a response is required, defendant Moe denies as untrue the allegation, express or implied, that he caused an "imminent battery". Defendant Moe has insufficient information upon which to base a conclusion as to the truth of the allegations regarding plaintiff's awareness, therefore, these allegations are neither admitted nor denied.**

> **Defendants City and Johnston are not required to response to the allegations contained paragraph 54 because these allegations are not directed at them.**

55. Defendant Officer Moe did cause a harmful and offensive touching when he placed Plaintiff on the ground.

**ANSWER:** **The allegation that Moe "did cause a harmful and offensive touching" is a legal conclusion for which no response is required by defendant Moe. To the extent that a response is required, defendant Moe denies the allegation as untrue. Defendant Moe denies as untrue the allegation that he "placed Plaintiff on the ground." Defendant Moe admits only that he ordered Mr. Deffert to lie on the ground and that Mr. Deffert complied with that order. Defendant Moe affirmatively asserts that his decision to order plaintiff to the ground was based on his good faith belief that such actions were necessary and lawful. Any allegation inconsistent with this response is denied as untrue.**

> **Defendant City and Defendant Johnston are not required to response to the allegations contained paragraph 55 because these allegations are not directed at them.**

56. Defendant Officer Moe intended to cause apprehension in Plaintiff when he aimed his service pistol at Plaintiff.

**ANSWER:** **The allegation that "Defendant Moe intended to cause apprehension in Plaintiff" is a legal conclusion for which no response is required by defendant Moe. To the extent that a response is required, defendant Moe denies the same as untrue. Defendant Moe admits only that he did draw his firearm on plaintiff in a manner consistent with his training on high-risk stops. Defendant Moe affirmatively asserts that his decision to approach plaintiff in a manner consistent with a high-risk stop was based on his good faith belief that such actions were necessary and lawful. Any allegation inconsistent with this response is denied as untrue.**

> **Defendants City and Johnston are not required to response to the allegations contained paragraph 56 because these allegations are not directed at them.**

57.    Defendant Officer Moe intended to touch Plaintiff when he ordered him to the ground.

**ANSWER:**    **The allegations in paragraph 57 are so vague and ambiguous that defendant Moe cannot determine whether to admit or deny them, and thus, these allegations are denied as uncertain, vague, and ambiguous.**

    **Defendant City and Defendant Johnston are not required to respond to the allegations contained paragraph 57 because these allegations are not directed at them.**

58.    At all material times, Defendant Officer Moe was acting under color of state law; within the scope of his employment with Defendant City of Grand Rapids; and in furtherance of the policies, practices, and customs of the City of Grand Rapids.

**ANSWER:**    **Paragraph 58 sets forth conclusions of law to which no response is required from defendant Moe. To the extent that a response is required, defendant Moe admits only that he was acting under color of state law, within the scope of his employment with the City of Grand Rapids, and in a manner consistent with his training on high-risk stops. Defendant Moe denies as untrue any allegations inconsistent with this response.**

    **Defendants City and Johnston are not required to respond to the allegations contained paragraph 58 because these allegations are not directed at them.**

## Count VI - State Law False Imprisonment

59.    Plaintiff restates and incorporates by reference paragraphs 1 through 58.

**ANSWER:**    **Defendants incorporate by reference their answers to paragraphs 1 through 59.**

60.    Defendant Officer Moe intended to restrain Plaintiff when he ordered him to the ground and placed him in handcuffs.

**ANSWER:**    **Defendant Moe admits the allegations contained in paragraph 60. Defendant Moe affirmatively asserts that his decision to approach plaintiff in a manner consistent with a high-risk stop was based on his good faith belief that such actions were necessary and lawful.**

**Defendants City and Johnston are not required to respond to the allegations contained paragraph 60 because these allegations are not directed at them.**

61.     Defendant Officer Moe's actions had the effect of actually restraining Plaintiff.

**ANSWER:     Defendant Moe admits the allegations contained in paragraph 60. Defendant Moe affirmatively asserts that his decision to briefly detain plaintiff was based on his good faith belief that such actions were necessary and lawful.**

**Defendants City and Johnston are not required to respond to the allegations contained paragraph 61 because these allegations are not directed at them.**

62.     At all material times, Plaintiff was conscious of being restrained.

**ANSWER:     Defendant Moe admits the allegations contained in paragraph 60.**

**Defendants City and Johnston are not required to respond to the allegations contained paragraph 62 because these allegations are not directed at them.**

63.     At all material times, Defendant Officer Moe was acting under color of state law; within the scope of his employment with Defendant City of Grand Rapids; and in furtherance of the policies, practices, and customs of the City of Grand Rapids.

**ANSWER:     Paragraph 58 sets forth conclusions of law to which no response is required from defendant Moe.  To the extent that a response is required, defendant Moe admits only that he was acting under color of state law, within the scope of his employment with the City of Grand Rapids, and in a manner consistent with his training as a police officer.**

**Defendants City and Johnston are not required to respond to the allegations contained paragraph 63 because these allegations are not directed at them.**

## RELIEF REQUESTED

Defendants hereby request entry of judgment their favor as a matter of law and dismissal of plaintiff's complaint in its entirety, along with an award of the costs of this litigation, interest, and all fees allowable under statute and the Federal Rules of Civil Procedure.

Respectfully submitted,

**CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE,** and **TIMOTHY JOHNSTON,**

Defendants.

Dated:  March 10, 2014     By:  */s/ Margaret P. Bloemers*
**MARGARET P. BLOEMERS (P40853)**
Assistant City Attorney
Police Legal Advisor / Director of Civil Litigation
Attorney for Defendants

Dated:  March 10, 2014     By:  */s/ Kristen Rewa*
**KRISTEN REWA (P73043)**
Assistant City Attorney
Attorney for Defendants

***Business Address:***
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

## AFFIRMATIVE DEFENSES

Defendants **WILLIAM MOE, TIMOTHY JOHNSTON,** and **CITY OF GRAND RAPIDS,** through Assistant City Attorneys Margaret P. Bloemers and Kristen Rewa, state the following as Affirmative Defenses to the allegations and claims set forth in the First Amended Complaint:

1.  Plaintiff has failed to state a claim upon which relief can be granted.

2.  Plaintiff lacks standing to assert a claim for injunctive relief.

3.  Michigan law does not recognize a private cause of action for an alleged violation of the Michigan Constitution.

4.  Plaintiff was not engaged in expressive or symbolic conduct protected by the First Amendment.

5.  Plaintiff was not engaged in conduct that is protected by the Second Amendment.

6.  Plaintiff's claims cannot be viewed under the Fourteenth Amendment's more generalized notions of substantive due process because the liberty interests as alleged in this case are expressly enumerated in other provisions of the Constitution.

7.  Plaintiff has failed to allege any facts that support a claim that the individual defendants violated any right guaranteed under the United States Constitution.

8.  The stop, pat-down search, and brief detention of plaintiff were supported by reasonable suspicion and/or other legal cause.

9.    The actions of the defendant officers were justified and objectively reasonable under the totality of the circumstances.

10.   The individual defendants are entitled to qualified immunity from plaintiff's suit under 42 U.S.C. § 1983, because reasonable officers could at least disagree as to whether the defendant police officers' actions with regard to the plaintiff violated clearly established law.

11.   The individual defendants have no vicarious liability for each other's actions under 42 U.S.C. § 1983.

12.   Plaintiff's state-law claims against Defendant Officer Moe are barred by immunity granted by law, specifically, by § 7(2) of the governmental immunity act, Mich. Comp. Laws 691.1401, *et seq.*

13.   The individual defendants acted in good faith and without malice, and within the course of their employment and scope of the authority granted to them as law enforcement officers for the City of Grand Rapids.

14.   Plaintiff has failed to state a claim of gross negligence that falls within the scope of Mich. Comp. Laws 691.1407 (2) & (7)(a).

15.   Defendant City of Grand Rapids trains and supervises its police officers pursuant to standards required by the United States and Michigan Constitutions and by the laws and regulations of the State of Michigan.

16.   Plaintiff's damages were not caused by a custom, policy, or practice of the City of Grand Rapids that was deliberately indifferent to Plaintiff's constitutional rights.

17.　Defendant City of Grand Rapids has no *respondeat superior* or other vicarious liability under 42 U.S.C. § 1983.

18.　Punitive damages are not recoverable against a municipality under 42 U.S.C. § 1983.

19.　Plaintiff's injuries were caused, in whole or in part, by his own actions.

20.　Defendants reserve the right to amend these Affirmative Defenses as discovery dictates.

**WHEREFORE,** Defendants **WILLIAM MOE, TIMOTHY JOHNSTON,** and **CITY OF GRAND RAPIDS,** request entry of judgment their favor as a matter of law and dismissal of plaintiff's complaint in its entirety, along with an award of the costs of this litigation, interest, and all fees allowable under statute and the Federal Rules of Civil Procedure.

Respectfully submitted,

**CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE, and TIMOTHY JOHNSTON,**

Defendants.

Dated: March 10, 2014　　　By:　*/s/ Margaret P. Bloemers*
　　　　　　　　　　　　　　　　**MARGARET P. BLOEMERS (P40853)**
　　　　　　　　　　　　　　　　Assistant City Attorney
　　　　　　　　　　　　　　　　Police Legal Advisor / Director of Civil Litigation
　　　　　　　　　　　　　　　　Attorney for Defendants

Dated: March 10, 2014　　　By:　*/s/ Kristen Rewa*
　　　　　　　　　　　　　　　　**KRISTEN REWA (P73043)**
　　　　　　　　　　　　　　　　Assistant City Attorney
　　　　　　　　　　　　　　　　Attorney for Defendants

*Business Address:*
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI  49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

## RELIANCE ON JURY DEMAND

Defendants **WILLIAM MOE, TIMOTHY JOHNSTON,** and **CITY OF GRAND RAPIDS,** through Assistant City Attorneys Margaret P. Bloemers and Kristen Rewa, state their reliance upon the Jury Demand made by Plaintiff in his First Amended Complaint.

Respectfully submitted,

**CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE, and TIMOTHY JOHNSTON,**

Defendants.

Dated:  March 10, 2014          By:  */s/ Margaret P. Bloemers*
                                **MARGARET P. BLOEMERS (P40853)**
                                Assistant City Attorney
                                Police Legal Advisor / Director of Civil Litigation
                                Attorney for Defendants

Dated:  March 10, 2014          By:  */s/ Kristen Rewa*
                                **KRISTEN REWA (P73043)**
                                Assistant City Attorney
                                Attorney for Defendants
                                *Business Address:*
                                300 Monroe Ave. NW, Ste. 620
                                Grand Rapids, MI  49503
                                (616) 456-4026
                                (616) 456-4569 FAX
                                mbloemer@grcity.us
                                krewa@grcity.us