UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHANN DEFFERT, | ) | Hon. Janet T. Neff, District Judge |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:13-cv-1351 |
| | ) | |
| CITY OF GRAND RAPIDS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

_____/

**Steven W. Dulan (P54914)**
The Law Offices of Steven W Dulan, PLC
Attorney for Plaintiff
1750 E Grand River Ave
Suite 101
East Lansing, MI 48823
(517) 333-7132
(517) 333-1691 FAX
swdulan@stevenwdulan.com

**Margaret P Bloemers (P40853)**
Assistant City Attorney
**Kristen Rewa (P73043)**
Assistant City Attorney
Attorneys for Defendants
300 Monroe Ave, NW, Ste. 620
Grand Rapids, MI 49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us

_____/

**PLAINTIFF'S RESPONSE TO
REQUEST FOR PRE-MOTION CONFERENCE**

Plaintiff Johann Deffert intends to oppose Defendants' Motions for Summary Judgment on the following grounds:

1. Whether Defendants' actions were "reasonable under the totality of the circumstances" is a question of fact best left to a jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

2. Only in the absence of any material question of fact may a court grant summary disposition. *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001).

3. In their argument that carrying a firearm is not speech, Defendants point to *U.S. v. O'Brien*, 391 U.S. 367, which states an assumption that burning a draft card *is* speech before concluding that Congress still had the power to ban burning a draft card. Reliance upon *Nordyke v. King*, 319 F.3d 1185 (9th Cir. 2003) is similarly improper, as it reviews a case where a firearms dealer was appealing a decision against allowing a gun show to take place. It is well settled law that commercial speech is afforded less protection than other forms of speech. *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 437, 454–455 (1978) [allowing restrictions on in-person solicitation of prospective clients by attorneys]

4. A finding of probable cause requires "information sufficient to warrant a man of reasonable caution to the belief that an offense has been or is being committed." *Brinegar v. U.S.*, 338 U.S. 160, 175 (1949) [citing *Carroll v. U.S.*, 267 U.S. 132 (1925)]. Open carry of a pistol in a holster is not an offense in Michigan. That makes this case easily distinguishable from *Embody v. Ward*, 695 F.3d 577 (6th Cir. 2012). In *Embody*, the defendant had researched the law and knew that while rifles were banned from state parks, pistols were allowed. "Pistol" was defined as a firearm with a barrel less than 12 inches. The defendant put together an AK-47 with an 11.5 inch barrel, with an orange-painted tip that made it appear that he was concealing his gun as a toy. Mr. Embody then took this gun into a state park to provoke reactions in order to force a suit. Officers saw what appeared to be a rifle, which was illegal to carry, and investigated.

5. The Fourteenth Amendment Due Process clause controls as well as the Fourth Amendment because the Fourth Amendment's right to be free of unreasonable search and seizure is incorporated to the states through the due process clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643 (1961).

6. In its police training, Defendant City of Grand Rapids distributed materials belittling the actions of those who choose to carry firearms openly, which creates a question of fact whether they were "deliberately indifferent".

Plaintiff alleges that there are too many remaining questions of fact for summary judgment to be proper at the present time.

Respectfully submitted,

THE LAW OFFICES OF STEVEN W. DULAN, PLC


By:/s/ Steven W. Dulan_____
Steven W. Dulan (P54914)
Attorney for Plaintiff

Dated: October 31, 2014