**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

**JOHANN DEFFERT,**

    Plaintiff,

v.

**OFFICER WILLIAM MOE,** in his individual and official capacities, **OFFICER TIMOTHY JOHNSTON,** in his individual and official capacities, and **CITY OF GRAND RAPIDS,**

    Defendants.

Case No. 1:13-cv-1351

**HON. JANET T. NEFF**
U.S. District Judge

_____/

**STEVEN W. DULAN (P54914)**
The Law Offices of Steven W. Dulan, PLC
Attorney for Plaintiff
1750 E. Grand River Ave., Ste. 101
East Lansing, MI 48823
(517) 333-7132
(517) 333-1691 FAX
swdulan@stevenwdulan.com

**MARGARET P. BLOEMERS (P40853)**
Assistant City Attorney
Police Legal Advisor / Director of Civil Litigation
**KRISTEN REWA (P73043)**
Assistant City Attorney
**ELLIOT J. GRUSZKA (P77117)**
Assistant City Attorney
Attorneys for Defendants
300 Monroe Ave. NW, Ste. 620
Grand Rapids, MI 49503
(616) 456-4026
(616) 456-4569 FAX
mbloemer@grcity.us
krewa@grcity.us
egruszka@grcity.us

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### ORAL ARGUMENT REQUESTED

    Defendants Officer William Moe, Officer Timothy Johnston, and City of Grand Rapids, through their undersigned attorneys, move this Court for summary judgment on all of Plaintiff Johann Deffert's claims contained in his Amended Complaint (Dkt 14),

pursuant to Fed. R. Civ. P. 56. For the reasons set forth in the accompanying Brief, Defendants request the Court to grant summary judgment as follows:

1. Defendants are entitled to summary judgment on Plaintiff's claim of a liberty deprivation under the substantive due process of the Fourteenth Amendment, because such a claim is subsumed under the Fourth Amendment.

2. Defendant Officers are entitled to summary judgment on Plaintiff's Fourth Amendment claim. Defendant Moe was justified in stopping and briefly detaining Plaintiff as a community-caretaking function, or alternatively, as a reasonable investigative stop. Defendant Johnston did not play an active role in the stop and did not have a duty to intervene.

3. Defendant City is entitled to summary judgment on Plaintiff's Fourth Amendment claim because Defendant Officers did not violate his Fourth Amendment rights; the City is not liable for constitutional violations that did not occur. Alternatively, even if Plaintiff's rights were violated, he can point to no policy or custom of the City that was the moving force behind his constitutional injury.

4. Defendant Officers are entitled to qualified immunity on Plaintiff's Second Amendment claim because at the time Defendant Moe seized Plaintiff's gun, any right to open carry a firearm in public was not clearly established.

5. Defendant City is entitled to summary judgment on Plaintiff's Second Amendment claim because the City is not liable for constitutional violations that did not occur. Even if Plaintiff's rights were violated, he can point to no City custom or policy that was the moving force behind his constitutional injury.

6. Defendant Officers are entitled to summary judgment on Plaintiff's First Amendment claim because he cannot show that he was engaged in expressive conduct. Even if Plaintiff was engaged in expressive conduct, Defendant Officers actions were a justifiable restriction of expressive conduct under the *O'Brien* test.

7. Defendant Officers are entitled to qualified immunity on Plaintiff's First Amendment claim because openly carrying a firearm is not a clearly established form of expressive conduct.

8. Defendant City is entitled to summary judgment on Plaintiff's First Amendment claim because a municipality cannot have *Monell* liability for constitutional violations that did not occur. Alternatively, even if Plaintiff's rights were violated, he can point to no custom or policy that was the moving force behind his constitutional injury.

9. If the Court chooses to exercise supplemental jurisdiction over Plaintiff's state-law claims, all Defendants are entitled to summary judgment on Plaintiff's Michigan constitutional claim, because no damage remedy exists under Michigan law. Defendant Moe is entitled to summary judgment on Plaintiff's common-law tort claims because he enjoys state-law governmental immunity from such claims.

10. Pursuant to W.D.Mich.L.Civ.R. 7.1(d) and the pre-motion conference held on December 9, 2014, Plaintiff will oppose Defendants' motion.

    Respectfully submitted,

    **CITY OF GRAND RAPIDS,** *a Michigan municipal corporation,* **WILLIAM MOE,** and **TIMOTHY JOHNSTON,**

    Defendants.

Dated: January 23, 2015    By: */s/ Margaret P. Bloemers*
    **MARGARET P. BLOEMERS (P40853)**

                                                  Assistant City Attorney
                                                  Police Legal Advisor / Director of Civil Litigation
                                                  Attorney for Defendants

Dated: January 23, 2015        By: */s/ Kristen Rewa*
                                                  **KRISTEN REWA (P73043)**
                                                  Assistant City Attorney
                                                  Attorney for Defendants

Dated: January 23, 2015        By: */s/ Elliot J. Gruszka*
                                                  **ELLIOT GRUSZKA (P77117)**
                                                  Assistant City Attorney
                                                  Attorney for Defendants

***Business Address:***
    300 Monroe Ave. NW, Ste. 620
    Grand Rapids, MI 49503
    (616) 456-4026
    (616) 456-4569 FAX
    mbloemer@grcity.us
    krewa@grcity.us
    egruszka@grcity.us